UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| TIM & TERESA HOPPES, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | |
| v. ) | No. |
| ) | |
| JP MORGAN CHASE BANK ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' COMPLAINT**

TIM & TERESA HOPPES (Plaintiffs), through their attorney, alleges the following against JP MORGAN CHASE BANK (Defendant):

**INTRODUCTION**

1. Plaintiffs brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S.C § 1391(b) because Plaintiffs reside within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiffs are natural persons residing in the city of Lincoln, Nebraska.

5. Defendant is a corporation doing business in the State of New York and is a New York corporation with its principal place of business located in New York, New York.

6. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant placed collection calls to Plaintiffs seeking and attempting to collect on an alleged debt owed.

9. Defendant placed collection calls to Plaintiffs' cellular telephone at phone number (402) 560-8677.

10. On or around June 14, 2018 at 7:58 a.m., Plaintiff spoke with a representative for Defendant at the phone number (866) 696-7693. During that conversation, Plaintiffs requested that the calls cease. Despite Plaintiffs' request, the calls continued.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiffs seeking to collect a consumer debt allegedly owed by Plaintiffs, TIM & TERESA HOPPES.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiffs incurred a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. Despite Plaintiffs' request that Defendant cease placing automated collection calls, Defendant placed at least seventy-five (75) calls to Plaintiffs cellular phones.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

17. Plaintiffs repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20s.

18. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

19. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

20. Plaintiffs are also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

21. Plaintiffs repeat and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

24. Plaintiffs are also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment against the Defendant, and on behalf of the Plaintiffs, for the following:

   a. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA;

   b. That judgment be entered in favor of Plaintiffs against Defendant for each and every violation of 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to *47 U.S.C. § 227(b)(3)(B)*;

   c. That the Court award treble damages to Plaintiffs for each and every violation of the TCPA the Court deems willful and knowing; and

   d. That the Court grant such other and further relief as may be just and proper.

Dated: March 24, 2019                              RESPECTFULLY SUBMITTED,

By: _____.